[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11335
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00219-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUSSELL B. SIMMONS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Russell Simmons, Jr. appeals the district court's imposition of three years of supervised release for his identity theft conviction (Count 24) under 18 U.S.C. § 1028A(a)(1).  The government concedes the imposition of a three-year term of supervised release for that conviction was plain error, *see* Government's Br. at 4, and we agree.  Our review of that error, which resulted in a term of supervised release greater than the one-year statutory maximum for aggravated identify theft, establishes that reversal is required.  *See, e.g.*, *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009) (holding that where a sentence exceeds the statutory maximum, plain error exists and needs to be corrected because it affects the defendant's substantial rights as well as the fairness, integrity, and public reputation of the judicial proceedings).  We therefore vacate the sentence on Count 24 and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED AS TO COUNT 24**.